[No. 54-40395-1.   Division One.   July 6, 1970.]
Panel 1

JERRY L. IVY, *Appellant*, v. GUILO ARGENTIERI, *Respondent*.

*Dodd, Russell, Hamlin & Coney, Gordon B. Dodd,* and *Byron D. Coney,* for appellant.

*John L. Vogel,* for respondent.

FARRIS, J.—The plaintiff, Jerry L. Ivy, is in the business of furnishing dishwashing machines and products to restaurants. In June, 1966, he began to look for new larger quarters to store his equipment and supplies. Through a real estate agent he entered into a lease with the defendant,

Guilo Argentieri, to rent a building for $150 a month. However, when he tried to occupy the building he was blocked by the defendant who had changed his mind.

This action was brought for damages arising out of the breach of the lease. Ivy sought general damages for the loss of the benefit of the bargain (the difference between the fair rental value and $150) and special damages caused by the delay in moving into new quarters (6 months).

The trial court held that the defendant had breached the lease agreement, but made the following findings with respect to damages:

> Plaintiff is not entitled to recover on his claimed element of damages for the difference between the rent reserved and the fair value of the premises, because of a failure of proof of damages, and to permit any recovery thereon would allow plaintiff to obtain an unjust enrichment and profit. The Court disregards the plaintiff's testimony on market value of the lease premises and also the testimony of the so-called experts, since they were not qualified and has no basis for their opinion. . . . The fair market value of the property was $150.00 per month.

Finding of fact 4.

> As to the other elements of damage claimed by the plaintiff, the plaintiff failed to prove the same by a preponderance of the evidence, he produced no records, his testimony was not substantial enough and no damages were established in this respect.

Finding of fact 5.

Judgment was for the plaintiff, but damages were limited to the return of his lease deposit of $300. He appeals.

■ It is the appellant's position that findings of fact 4 and 5 are in error and not supported by the evidence. The appellant has assumed a heavy burden. It is well established that where there is substantial evidence to support the finding of the trial court, it will not be disturbed on appeal. *Thorndike v. Hesperian Orchards, Inc.*, 54 Wn.2d 570, 343 P.2d 183 (1959).

■ Finding of fact 4 dealt with appellant's claim for general damages. The plaintiff was entitled to the differ-

ence between the fair rental value of the building over the rent agreed upon in the lease. *Engstrom v. Merriam,* 25 Wash. 73, 64 P. 914 (1901). The plaintiff's expert Levin Lynch testified that he thought the property would rent for about $300 but admitted that he had not looked inside the building. The defendant called T. V. Dean, the real estate agent who handled the transaction for both parties. Dean testified that it was an extremely favorable lease for Ivy and that the fair rental value was between $300 and $400.

The trial court chose to disregard both of these opinions. It is the function of the trial court and not the appellate court to consider the credibility of witnesses. *Nissen v. Obde,* 55 Wn.2d 527, 348 P.2d 421 (1960).

Here the trial court disregarded the testimony of Lynch and Dean and found that the lease which Dean had arranged for his client, Argentieri, was for the fair rental value. We will not substitute our opinion for that of the trial court. *Thorndike v. Hesperian Orchards, Inc., supra.*

With regard to finding of fact 5, the plaintiff testified as to losses which he directly attributed to the breach of the lease. He testified that: (1) transportation expense was greatly reduced by a downtown location, the difference in gasoline cost being $125 monthly, (2) he incurred losses of from $750 to $900 because of an inability to buy in quantity, (3) he incurred a labor expense of $150 per month for the 6 months because of the inefficient location and, (4) looking for a new site for 4 months used up all of the time he normally devoted to obtaining new customers. Two-thirds of his earnings are normally attributable to selling new accounts. He had been making four or five new sales a month both before and continued to do so after the period in which he sought the new building, but during that period his new sales virtually stopped. Each new account has a value of between $400 and $1,000. He estimated this loss at between $500 and $1,000 a month during the period.

The defendant offered no evidence to refute this testimony nor did he impeach the evidence offered by the plaintiff. The trial court did not disbelieve the plaintiff but

found instead that he did not prove his damages by a preponderance of the evidence. The evidence was unimpeached, uncontested and was not shown to be inherently improbable. Even though it was not supported by records, it was entitled to some consideration by the trial court. *See Callan v. Callan*, 2 Wn. App. 446, 450, 468 P.2d 456 (1970).

■ Where it is clear that some damage has been suffered, a liberal rule is applied with respect to determining that damage. Uncertainty as to the quantum of damages is not fatal to a litigant's right to recover damages. *Wenzler & Ward Plumbing & Heating Co. v. Sellen*, 53 Wn.2d 96, 330 P.2d 1068 (1958).

We reverse and remand for consideration of special damages only.

JAMES, C. J., and SWANSON, J., concur.