[No. 34918. Department Two. January 21, 1960.]

GLEN NISSEN et al., *Respondents*, v. FRED OBDE et al., *Appellants.*[1]

*Samuel W. Fancher, Michael J. Hemovich*, and *Patrick H. Murphy*, for appellants.

*Geo. W. Young*, for respondents.

FINLEY, J.—This is an action on a negotiable promissory note. On November 23, 1954, the appellants, Fred Obde and his wife, executed and delivered the note in question to Robert M. Schlemeyer in part payment for a certain apartment house. The note was secured by a mortgage on certain other realty. On March 23, 1955, the appellants notified Mr. Schlemeyer that they had discovered the apartment house to be infested with termites; therefore, they intended to make no further payments on the contract of purchase, but on the contrary would sue either for rescission of the contract or for damages. On April 25, 1955, Mr. Schlemeyer endorsed the note and negotiated it for value to the respondents, Glen Nissen and his wife. Upon appellants' refusal to pay the note when due, this suit was commenced.

Appellants affirmatively pleaded fraud on the part of Schlemeyer, grounded on his alleged failure to inform them

[1]Reported in 348 P. (2d) 421.

of the true condition of the apartment house. Respondents countered by denying the allegations of fraud and pleading that, in any event, they were holders in due course without notice. After a hearing on the merits, the trial judge, sitting without a jury, refused to enter a finding on the issue of fraud, but did enter the following findings:

"That on April 25, 1955 said note was endorsed and transferred by said Schlemeyer and wife to the plaintiffs herein without recourse in consideration of the payment to said Schlemeyer and wife of the sum of $2,000.00 and ever since said endorsement and transfer, the plaintiffs have been and now are bona fide holders for value of said note and mortgage.

"8. That at the time of the endorsement over to plaintiffs of said note and the assignment of said mortgage to them, the plaintiffs were without notice of any infirmity in the instruments.

" . . .

"10. The defendants Obde's defense of bad faith on the part of the plaintiffs in the transaction is not sustained by the evidence in this case."

In accordance with RCW 62.01.057, defining the rights of a holder in due course of a negotiable instrument, and based on the above-quoted findings, judgment was rendered for the respondents. The appellants' assignments of error relate solely to the findings upon which the judgment was based. They claim that prior to the time the respondents purchased the note and mortgage from Schlemeyer the respondents were informed by Schlemeyer about the appellants' claim of fraud and of the appellants' intention to sue. They also claim that their proposed finding of fraud on the part of Schlemeyer should have been entered.

It is apparent from a reading of the trial judge's memorandum opinion that his finding that the respondents were without notice of any infirmity in the note at the time they purchased it from Schlemeyer was based on an assumption that the burden of proving actual notice or such bad faith as to constitute, under RCW 62.01.056, constructive notice was on the appellants. We quote from the memorandum opinion as follows:

"The defendant affirmatively pleaded bad faith of plaintiff in purchasing said note. The infirmity was not established by proof. Therefore, the burden of proof never shifted."

However, earlier in the *same memorandum opinion* the trial judge stated:

"By independent evidence in this case . . . I believe fraud was adequately established on the part of Schlemeyer in not revealing the termite condition to Obde."

In *Bowles v. Billik* (1947), 27 Wn. (2d) 629, 178 P. (2d) 954, citing with approval *Marsol Credit Co. v. West Coast Grocery Co.* (1937), 191 Wash. 134, 70 P. (2d) 1046, we held that proof of fraud between the original parties imposes upon the holder of a negotiable instrument the burden of proof that he is a *bona fide* holder. It is apparent that the trial judge misapplied this rule. It is true that the appellants affirmatively pleaded bad faith. However, they also affirmatively pleaded fraud on the part of Schlemeyer, the payee, in the procurement of the note. This fraud was the infirmity in the instrument upon which the appellants relied as a defense. Once fraud was proved, as the trial judge here concluded and emphasized in his memorandum opinion, the burden of proof on the issue of good or bad faith shifted to the respondents. It was not additionally necessary, contrary to the apparent belief of the trial judge, for the appellants to establish a *prima facie* case of bad faith on the part of respondents before the burden of proof would shift to them.

Considering the trial judge's memorandum opinion, significantly, as indicated hereinbefore, in relation to the findings of fact to which the appellants have assigned error, we are confronted with the question of whether to review the record to determine whether these findings are sustainable under a correct application of the burden of proof rule, or to remand the case to the trial court for reconsideration of the findings in conformity with the views expressed herein. Since it is the function of the trial court and not of this court to consider the credibility of witnesses and to weigh the evidence in order to determine whether it preponderates in

favor of the party having the burden of proof, we are convinced that the proper course for us to follow is to remand. It is so ordered.

WEAVER, C. J., HILL, ROSELLINI, and FOSTER, JJ., concur.