[No. 50381-8.   En Banc.   January 10, 1985.]

THE STATE OF WASHINGTON, *Respondent,* v. RONALD R. CORD, *Appellant.*

362

*Robert G. Eisele,* for appellant.

*John G. Wetle, Prosecuting Attorney, Dan B. Johnson, Deputy,* and *John E. Lamp, Special Deputy,* for respondent.

*James E. Lobsenz* on behalf of the American Civil Liberties Union, amicus curiae for appellant.

UTTER, J.—Can a search warrant be valid when it is based upon an affidavit which contained a relevant omission of fact? If the warrant is facially valid and the omission neither intentional nor made with reckless disregard for the truth, such a warrant may be upheld and we do so in this case.

On August 20, 1982, Captain Ken Meyer of the Stevens County Sheriff's Department received an anonymous tip that appellant, Ronald Cord, was growing marijuana at his ranch. The tip specified where marijuana was being grown on the property. Three days later, Captain Meyer conducted an aerial surveillance of appellant's property from an altitude of 3,400 feet above ground level. He took pictures of appellant's property from this height, using a 50 mm lens to reflect accurately what he saw. On that same day, Captain Meyer obtained a search warrant from Stevens County District Court Judge David E. McGrane.

Captain Meyer's affidavit for the warrant recited the fact that he had received an anonymous tip that appellant was growing marijuana on his property and that he thereafter conducted an aerial surveillance of the Cord property. The affidavit provided no further information about the informant, nor did it indicate that the informant had provided specific information regarding the marijuana's location on the property. The affidavit did not set forth the altitude at which Meyer had identified the marijuana, nor were the aerial photographs available for the judge to view before issuing the warrant. A subsequent search of the Cord residence resulted in the seizure of several bags of marijuana as well as a substantial amount of marijuana paraphernalia. Additionally, 131 live marijuana plants were seized in an unenclosed area 300 to 500 feet from the Cord residence.

The appellant was placed under arrest and charged with a violation of RCW 69.50.401(a)(1)(ii) for manufacture and possession of marijuana. He moved the court for an order suppressing all evidence seized from his property on grounds that the search had violated his right to be free from all unreasonable searches and seizures under the fourth amendment to the United States Constitution.

At the suppression hearing, the testimony offered by Captain Meyer revealed that the judge who issued the warrant had been advised on previous occasions that the standard height used by the sheriff's department when identifying marijuana was 1,000 feet. Captain Meyer was fairly certain he did not tell the judge that he had been flying 3½ times the standard height when he identified the marijuana on appellant's property. There was no evidence to support appellant's argument that this misrepresentation was made intentionally or with reckless disregard for the truth.

A defense expert testified that marijuana cannot be identified at a height of 3,400 feet. Captain Meyer also testified that it was difficult to identify marijuana from 3,400 feet and that he would not expect anyone to identify it from the photographs he had taken from the plane. He

based his ability to distinguish the plants from other shrubbery on the Cord property on their peculiar shade of green and on the information provided him by the informant.

The trial court entered the following findings of fact:

2.3 On August 20, 1982, Captain Meyer flew over the Cord property at 3400 feet. The normal overflight altitude was 1,000 feet, thus this was a substantial exception to the normal procedure.

2.4 Capt. Meyer had successfully flown on approximately 10 marijuana flights which resulted in the discovery of marijuana. . . .

2.5 No record was made of the application for the search warrant, no summary of additional evidence was made.

. . .

2.6A Judge David McGrane had been previously advised that generally overflights are conducted at 1,000 feet elevation.

. . .

2.8 No additional information was provided as to the height of the flight.

2.9 Without information as to the location of marijuana it is impossible to identify marijuana from 3400 feet.

Clerk's Papers, at 48–49. The court entered the following conclusions of law:

3.1 The search warrant for controlled substances was properly issued as Judge David McGrane could find probable cause based upon the information provided.

. . .

3.3 Captain Meyer's omission of relevant information did not constitute a reckless disregard for the truth, nor was it false; therefore, the defendant failed to make a substantial showing of misrepresentation.

. . .

3.5 The Court does not decide whether the open fields doctrine applies in this case.

Clerk's Papers, at 49. The court denied appellant's motion to suppress.

On April 1, 1983, upon stipulation by appellant that there was sufficient evidence to convict, the court found

him guilty, entered Findings of Fact and Conclusions of Law and entered Judgment and Sentence against appellant. Appellant appealed to the Court of Appeals which certified the case to this court.

## I

█ Appellant first contends that the aerial surveillance of his property at 3,400 feet was a search necessitating a warrant under Const. art. 1, § 7. In *State v. Myrick,* 102 Wn.2d 506, 688 P.2d 151 (1984), the aerial surveillance at issue had been conducted without visual enhancement devices at an altitude of 1,500 feet. We there held that this surveillance was not unreasonably intrusive and did not constitute a search under Const. art. 1, § 7. Appellant, here, has offered nothing to persuade us that the overflight at 3,400 feet was unreasonably intrusive. As in *Myrick,* the police here viewed the contraband without visual enhancement devices and from a lawful vantage point. We therefore find this aerial surveillance of appellant's property was not a search under Const. art. 1, § 7.

Appellant challenges the sufficiency of the affidavit on the following grounds: (1) that the affidavit was facially deficient due to the omission of the altitude at which the affiant had identified the marijuana, and (2) that the affiant made a material omission of fact which, if included in the affidavit, would have precluded a finding of probable cause.

## II

Appellant asserts that the affidavit was insufficient to establish probable cause because it neither contained sufficient information to establish the reliability of the anonymous informant nor a reference to the height at which the marijuana was identified. We do not address appellant's contention regarding the anonymous informant, because we find the affidavit sufficient to establish probable cause absent information provided by the informant.

█ To establish probable cause the affidavit must set forth sufficient facts to lead a reasonable person to conclude there is a probability that the defendant is involved in

criminal activity. *State v. Seagull,* 95 Wn.2d 898, 906–07, 632 P.2d 44 (1981); *State v. Henker,* 50 Wn.2d 809, 811, 314 P.2d 645 (1957). Great deference is accorded the issuing magistrate's determination of probable cause. *State v. Smith,* 93 Wn.2d 329, 610 P.2d 869, *cert. denied,* 449 U.S. 873, 66 L. Ed. 2d 93, 101 S. Ct. 213 (1980).

▮ Here, the affidavit set forth that the affiant was a police officer with 13 years' experience in the Stevens County Sheriff's Department. He had completed marijuana identification school and had attended numerous drug identification seminars. He had experience identifying marijuana in all stages of its growth; *and he had identified patches of marijuana from an airplane on 10 prior occasions each of which resulted in the seizure of marijuana.* The affidavit then set forth that the affiant had conducted a flyover of appellant's property and had "observed and identified the marijuana growing in a field on the above described property." It then described the precise area to be searched and the location of the marijuana. There is nothing speculative about the affiant's statements here. They provided a sufficient basis for the issuing judge to conclude that a crime was probably being committed.

Information regarding the altitude at which the identification was made would have been helpful to the judge's determination. The inclusion of this information is preferable. We cannot say, however, that the firsthand identification of contraband by an officer with considerable training and experience was an insufficient basis for the magistrate's finding of probable cause.

### III

Does omission of this information invalidate the warrant?

▮ In *Franks v. Delaware,* 438 U.S. 154, 57 L. Ed. 2d 667, 98 S. Ct. 2674 (1978), the Supreme Court held that where a

defendant makes a substantial preliminary showing that a false statement knowingly and intentionally, or with

reckless disregard for the truth, was included by the affiant in the warrant affidavit, and if the allegedly false statement is necessary to the finding of probable cause, the Fourth Amendment requires that a hearing be held at the defendant's request.

*Franks,* at 155–56. If, at the hearing, the defendant establishes his allegations by a preponderance of the evidence, the material misrepresentation will be stricken from the affidavit. If the affidavit then fails to support a finding of probable cause, the warrant will be held void and the evidence excluded. The *Franks* test for material misrepresentations has also been extended to material omissions of fact. *United States v. Martin,* 615 F.2d 318 (5th Cir. 1980); *United States v. Park,* 531 F.2d 754, 758–59 (5th Cir. 1976).

Appellant disputes the trial court's finding that the affiant's omissions were neither intentional nor made with reckless disregard for the truth. Initially, we note the great deference that is to be given the trial court's factual findings. *In re Sego,* 82 Wn.2d 736, 513 P.2d 831 (1973); *Nissen v. Obde,* 55 Wn.2d 527, 348 P.2d 421 (1960). It, alone, has had the opportunity to view the witness' demeanor and to judge his veracity. We find nothing in the record, here, to call the trial court's findings into question.

Appellant points to the affiant's apparently contradictory statements: *i.e.,* in a pretrial deposition he stated that most aerial surveillance is conducted at 1,000 feet and that he generally asks the pilot to fly lower if this height is exceeded; yet, at the pretrial suppression hearing he admitted that he surveyed appellant's property from 3,400 feet. What appellant fails to note in this scenario is that the affiant acknowledged the Cord overflight was a substantial deviation from procedure. The admitted inconsistency here was in procedure, not in testimony. The testimony of the defense expert that marijuana could not be identified at 3,400 feet, under any circumstances, was open to question. The trial court could have believed the defense expert's conclusions were suited only to the scientific identification

of botanists. The botanist/defense expert here did not believe marijuana could properly be identified and its species ascertained from even a distance of 500 feet.

Appellant's additional references to the record lend no credence to his theory that the affiant's omission was either reckless or intentional.

Appellant, alternatively, cites to *People v. Kurland,* 28 Cal. 3d 376, 618 P.2d 213, 168 Cal. Rptr. 667 (1980), *cert. denied,* 451 U.S. 987 (1981), for the proposition that a negligent omission of a material fact requires insertion of the fact omitted into the affidavit. If the affidavit then does not support a finding of probable cause, the warrant is void and the evidence obtained is excluded. Appellant argues that the omission here was, at best, negligent and that insertion of the true altitude at which the surveillance was conducted would void the warrant. We need not reach this question because we rest our decision here upon the Fourth Amendment test of *Franks.*

The test in *Kurland* was derived from *People v. Cook,* 22 Cal. 3d 67, 583 P.2d 130, 148 Cal. Rptr. 605 (1978), wherein the California Supreme Court departed from the Fourth Amendment test of *Franks* under its own constitution. In *Cook,* the court determined that a deliberate or reckless misstatement in an affidavit requires a quashing of the warrant because it renders the entire affidavit suspect, in contrast to the *Franks* remedy which is to excise false statements and then determine whether probable cause remains for issuance of the warrant. It extended this analysis to material factual omissions in *People v. Kurland, supra.* There it set forth the general rule that where material omissions are made as a result of negligence, the omission should be inserted into the affidavit for an independent appellate court determination whether its inclusion would have precluded a finding of probable cause. It termed this the "add and retest" formula which, it stated,

discourages carelessness and helps eliminate the likelihood that a negligent mistake may cause an erroneous

finding of probable cause. Yet it recognizes the affiant's good faith effort at accuracy.

*Kurland,* at 388. If, on the other hand, the material omission was deliberate or reckless, the warrant could be struck depending upon the nature of the omission and its effect upon the credibility of other statements in the affidavit.

Acceptance of appellant's argument would require us to incorporate the California test into Const. art. 1, § 7. Appellant has not offered any argument in support of this nor did he appear to recognize it as an issue. Therefore, we do not consider it here.

In *State v. Seagull, supra,* we applied the *Franks* test to an innocent but inaccurate identification. There, the affiant stated he had seen marijuana growing inside the defendant's greenhouse. The plant which the officer had identified as marijuana was later discovered to be a tomato plant. We described the *Franks* test as "wholly logical. The Fourth Amendment does not proscribe 'inaccurate' searches only 'unreasonable' ones." *Seagull,* at 908. The affidavit here arguably left the issuing magistrate with at most an inaccurate impression. This was later resolved against the appellant at the suppression hearing. The omission was innocent and the warrant stands.

The judgment is affirmed.

BRACHTENBACH, DOLLIVER, DORE, and DIMMICK, JJ., and CUNNINGHAM, J. Pro Tem., concur.

WILLIAMS, C.J. (dissenting)—Because I believe that search warrant affidavits based on aerial views must inform the magistrate of the altitude from which the marijuana was viewed, I dissent.

The facts of this case involve a 1–time flyover of the Cord property at 3,400 feet above ground level (AGL) following a tip from an anonymous informant. The normal surveillance flyover altitude is 1,000 to 1,500 feet AGL, a fact known by the magistrate who issued the search warrant. The affidavit did not reveal the altitude from which the view was made,

nor was there any additional information as to the reliability or credibility of the informant. A search warrant was issued.

The problem presented is not with what was disclosed, but rather with what was not disclosed. The issue then is if the information had been disclosed could probable cause have been found, and more specifically, what is necessary in Washington before search warrants will be authorized following aerial views.

This court has recently recognized and approved the use of aerial views in the State of Washington. *State v. Myrick,* 102 Wn.2d 506, 688 P.2d 151 (1984). In *Myrick,* we held certain aerial views (those not unreasonably intrusive or not aided by sight enhancing devices) not to be searches. This enables officers to do flyovers without prior court authorization.

A search warrant is required before entering the property to seize the viewed marijuana. Inherent in the determination of probable cause by the neutral and detached magistrate is the analysis of the underlying facts upon which the officer bases his belief. *State v. Smith,* 93 Wn.2d 329, 352, 610 P.2d 869, *cert. denied,* 449 U.S. 873 (1980).

The omitted information, which the majority recognizes to be a relevant omission of fact, concerns the altitude from which the officer allegedly identified the marijuana. Altitude plays a very crucial role in aerial views. Generally, the problem relates to officers flying too low, thereby unreasonably intruding into a citizen's privacy. *See State v. Cockrell,* 102 Wn.2d 561, 689 P.2d 32 (1984); Comment, *Aerial Surveillance: A Plane View of the Fourth Amendment,* 18 Gonz. L. Rev. 307, 326–28 (1982–83).

This case presents the unique setting (and the only case found) of the officer flying too high. The Fourth Amendment is implicated not by the flyover itself, but rather by the circumstances of this flyover and the officer's assertion of ability to see and identify from that altitude. The identification in this case is the only basis for a finding of probable cause. The anonymous informant's tip cannot support

the finding of probable cause because *no* information was supplied to the magistrate as to the informant's credibility or reliability. *See State v. Jackson,* 102 Wn.2d 432, 688 P.2d 136 (1984).

I believe that when aerial views are the means utilized to show probable cause for the issuance of a search warrant the affidavit must reveal the altitude from which the identification was made. This will serve two purposes: (1) It will guard against issuance of warrants following unreasonably low intrusive searches. (2) It will insure that officers do not partake in unreasonably high questionable views. Requiring inclusion of this information will insure that the probable cause determination is made by a neutral and detached magistrate and not "by the officer engaged in the often competitive enterprise of ferreting out crime." (Footnote omitted.) *Johnson v. United States,* 333 U.S. 10, 14, 92 L. Ed. 436, 68 S. Ct. 367 (1948).

The majority does not consider any of the above policy analysis, limiting its determination to finding that the omission was not done intentionally or with reckless disregard, following the *Franks v. Delaware,* 438 U.S. 154, 171, 57 L. Ed. 2d 667, 98 S. Ct. 2674 (1978) test for misrepresentations.

The United States Supreme Court has never itself extended the *Franks* analysis to omissions. As noted by the majority, some lower federal courts and state courts have. *See* 2 W. LaFave, *Search and Seizure* § 4.4 n.39.1 (1978 & Supp. 1984). Most of these courts, as does the majority here, announce the *Franks* language, extend it to omissions, and then find without analysis that in the case presented the omission was not intentional or reckless. Some cases find there was sufficient other information to show probable cause. Unfortunately, these approaches provide no basis for courts holding suppression hearings to determine what is intentional or done with reckless disregard.

Initially, it should be noted that the focus is reasonableness. "Reasonableness is the key ingredient in the test for issuance of a search warrant. That is precisely what the

federal constitution says and our state constitution necessarily implies." *State v. Patterson,* 83 Wn.2d 49, 52, 515 P.2d 496 (1973). With misrepresentations, the question is whether enough accurate facts and circumstances give the neutral and detached magistrate good reason to issue the warrant. With omissions the question asked should be different: *If* all the *material* facts and circumstances known by the affiant officer had been presented to the magistrate, would there have been a finding of probable cause sufficient to issue a search warrant?

The materiality of the omission to the finding of probable cause is the threshold issue. Nonmaterial, peripheral omitted facts have no effect on the determination of probable cause and are not entitled to review. However, once a fact is determined to be material, it is very difficult to justify its absence. If inclusion would affect the probable cause determination, then it should be included.

As noted in *United States v. Martin,* 615 F.2d 318, 329 (5th Cir. 1980):

> [I]t will often be difficult for an accused to prove that an omission was made intentionally or with reckless disregard rather than negligently unless he has somehow gained independent evidence that the affiant had acted from bad motive or recklessly in conducting his investigation and making the affidavit. Nevertheless, it follows from *Franks* that the accused bears the burden of showing by a preponderance of the evidence that the omission was more than a negligent act. *It is possible that when the facts omitted from the affidavit are clearly critical to a finding of probable cause the fact of recklessness may be inferred from proof of the omission itself.*

(Italics mine.)

This is such a case. The altitude, when it is three times the norm known to the judge, is clearly critical to his crediting the officer's identification. An officer's testimony "under oath, and his statements of personal knowledge are *presumptively reliable.*" (Italics mine.) *State v. Mannhalt,* 33 Wn. App. 696, 700, 658 P.2d 15 (1983) (citing *State v.*

*Matlock,* 27 Wn. App. 152, 155, 616 P.2d 684 (1980); *State v. Smith,* 93 Wn.2d 329, 352, 610 P.2d 869, *cert. denied,* 449 U.S. 873, 66 L. Ed. 2d 93, 101 S. Ct. 213 (1980)). The problem here is not with the statements made but rather with the information that was withheld. The officer's alleged identification of marijuana is highly doubtful, if not impossible, when done from an altitude of two–thirds of a mile. While recognizing the need not to review the issuance of search warrants in a "hypertechnical" fashion, *State v. Partin,* 88 Wn.2d 899, 904, 567 P.2d 1136 (1977); *United States v. Ventresca,* 380 U.S. 102, 109, 13 L. Ed. 2d 684, 85 S. Ct. 741 (1965), it is necessary to review them realistically. The officer's qualifications revealed in the affidavit related to *microscopic* marijuana identification. The officer admitted at the suppression hearing that he and the Stevens County personnel did not go through aerial surveillance school. Their ability to identify was based on flyovers with a United States Drug Enforcement Agency pilot, resulting in the 10 identifications and seizures.

It is proper to give great deference to the issuing magistrate's determination of probable cause. *State v. Seagull,* 95 Wn.2d 898, 907, 632 P.2d 44 (1981). But the affiant officer must also give proper deference to the role of the neutral and detached magistrate's function of determining the existence of probable cause. When critical information going to the heart of the determination is omitted, then the officer not the magistrate is making the determination.

> If the government had unfettered power to pick and choose which facts to present to the magistrate regardless of how misleading the presentations were, the magistrate's review of the affidavit would be rendered meaningless. The magistrate would not be provided with a fair opportunity to review the government's evidence in making the probable cause determination. He would perform his crucial role at the whim, caprice or duplicity of the governmental agents involved in the case.

*United States v. Dorfman,* 542 F. Supp. 345, 367 (N.D. Ill.

1982). This problem can be solved by requiring inclusion of the altitude in search warrant affidavits following aerial views. I would so hold.

PEARSON, J., concurs with WILLIAMS, C.J.

Reconsideration denied March 5, 1985.