[No. 9392-1-III. Division Three. August 10, 1989.]

THE STATE OF WASHINGTON, *Appellant*, v. GARY LEE
MORSE, *Respondent*.

*Andy Miller, Prosecuting Attorney,* and *Jeffrey Finney* and *Kathleen Bollman, Deputies,* for appellant.

*Linda Waite, Arthur Klym,* and *Armstrong, Klym & Waite,* for respondent.

SHIELDS, J.—The trial court suppressed evidence of a grow operation seized during the execution of a search warrant in Finley, Washington. The State appeals; we reverse and remand.

On March 30, 1988, the police executed a search warrant in Franklin County on the residence of Gary Morse in Pasco, Washington, and discovered various drugs, including 20 pounds of fresh cut marijuana which was in the process of being "manicured." Although the marijuana had just recently been cut, there was no grow operation found in the Pasco home. Mr. Morse does not challenge the validity of that warrant nor the resulting charge.

Several pictures were also found in various locations within the Pasco residence. These pictures included two photographs of a marijuana grow operation, and one of a metal building with a horse in front of it. Among the documents found in the Pasco home was a bill to Mr. Morse from veterinarian Dr. Robert Kopp.

After contacting Dr. Kopp, Detective Fred Higgins learned that Dr. Kopp had treated a horse in Mr. Morse's presence at Finley, Washington, in Benton County. Detective Higgins, accompanied by Dr. Kopp, went to the location where the veterinarian services had been performed in Finley, observed the metal building depicted in the photograph, and also observed a parked van there which he determined to be registered to Mr. Morse. Upon further investigation, Detective Higgins discovered that the electric bill was in the name of someone other than Mr. Morse, and that party had previously been arrested on a marijuana charge. A neighbor at the Finley location informed Detective Higgins that traffic coming to and from the property was "unusually large." Based upon this information

obtained as follow–up to the Franklin County search and his 13 years of experience in narcotics enforcement, Detective Higgins signed an affidavit for a Benton County search warrant, stating that one of the photographs "depicts a growing marijuana operation inside a large metal building." Upon execution of the ensuing search warrant, a marijuana grow operation was found in the metal building in Finley.

At a suppression hearing, Mr. Morse testified that both photographs of the marijuana grow operation found in his home were ones which he had taken 7 years earlier of a grow operation he had in his Pasco home at that time. No other testimony was taken or offered. In suppressing the evidence, the trial court found that the photographs did not depict a grow operation in the metal building in Finley, and Detective Higgins' statement in the affidavit to the contrary was a material misrepresentation of fact. The issue before us is whether the court's ruling was error in the absence of a further finding that the material misrepresentation was deliberately or recklessly made.

 "Washington courts have consistently held that misstatements or omissions in affidavits supporting search warrants may only affect a warrant's validity if they are (1) material, *and* (2) made deliberately or recklessly."[1] (Italics

---

[1] On appeal, Mr. Morse does not urge any deliberate misstatement, but that the statement was made recklessly, even though the court did not make such a finding. He contends that Detective Higgins could have viewed the basement of Mr. Morse's home during the execution of the Franklin County search warrant and could then have ascertained that the photographs of the grow operation had been taken there. This contention amounts to no more than one of negligent, rather than of reckless, misrepresentation. Mr. Morse conversely contends that Detective Higgins should have known the pictures of the marijuana grow operation were not taken inside the Finley building, depicted in a separate photograph, because the pictures were taken with two different kinds of film and with two different cameras. This contention proves nothing, and certainly does not show reckless disregard for the truth. Mr. Morse also contends that the photographs of the grow operation were taken with film that has not been manufactured for 7 years, and hence could not be photographs of a current grow operation. Mr. Morse fails to demonstrate that the film's unavailability is common knowledge or was a fact known to Detective Higgins. These contentions do not meet the requisite burden of proof of reckless misrepresentation.

ours.) *State v. O'Connor,* 39 Wn. App. 113, 116–17, 692 P.2d 208 (1984), *review denied,* 103 Wn.2d 1022 (1985).

> [R]ecklessness is shown where the affiant "in fact entertained serious doubts as to the truth" of facts or statements in the affidavit. . . . [S]erious doubts can be shown by (1) actual deliberation on the part of the affiant, or (2) the existence of obvious reasons to doubt the veracity of the informant or the accuracy of his reports.

*O'Connor,* at 117. Furthermore, as observed in *State v. Hashman,* 46 Wn. App. 211, 217, 729 P.2d 651 (1986), *review denied,* 108 Wn.2d 1021 (1987):

> If a defendant claims that a knowingly and intentionally false statement, or one made with reckless disregard for the truth, was included by the affiant in the warrant affidavit, the defendant must establish his allegations by a preponderance of the evidence.

Without a finding as to one or the other of these facts, the suppression of the evidence on the basis of a misrepresentation alone is reversed and the matter remanded for further proceedings.

On remand, if the court determines that Detective Higgins' representation about the grow operation depicted in the photographs was reckless, that fact is still not dispositive. Pursuant to *Franks v. Delaware,* 438 U.S. 154, 57 L. Ed. 2d 667, 98 S. Ct. 2674 (1978), a material reckless misrepresentation is first stricken from the affidavit. Second, "[i]f the affidavit then fails to support a finding of probable cause, the warrant will be held void and the evidence excluded." *State v. Cord,* 103 Wn.2d 361, 367, 693 P.2d 81 (1985). Were that done in the present case, the remaining facts in the affidavit are that 20 pounds of fresh cut marijuana was found in Mr. Morse's home; a picture of a building located in Finley, Washington, was also found there; Mr. Morse was known to have been at the Finley location on at least one previous occasion when his horse was receiving veterinary care; his van was parked at the Finley building during Detective Higgins' investigation; the person responsible for paying the electric bill at the Finley

location had previously been arrested for a marijuana violation; and one of the neighbors near the Finley building stated that traffic to and from the building was "unusually large."

> [p]robable cause exists where the facts and circumstances within the arresting officer's knowledge and of which he has reasonably trustworthy information are sufficient in themselves to warrant a man of reasonable caution in a belief that an offense has been or is being committed.
>
> Probable cause is not a technical inquiry. In any given case it is a set of factual circumstances and practical considerations governing the actions of reasonable and prudent people in their normal, everyday affairs.

(Citation omitted.) *State v. Dorsey,* 40 Wn. App. 459, 468–69, 698 P.2d 1109, *review denied,* 104 Wn.2d 1010 (1985).

At the time the affidavit was written, Detective Higgins had 13 years of experience in narcotics enforcement. What may appear as innocuous activity in the eyes of an untrained observer may well constitute probable cause that a crime has been or is being committed in the eyes of an experienced police officer. Just as other professionals are encouraged to utilize the skill and knowledge which they have acquired from their years of experience in their various fields, so too police officers should be encouraged to use the knowledge they have garnered from their years of experience in the police force. We believe such a person reading the affidavit in the present case would find sufficient facts and circumstances to warrant a belief that the Finley building contained evidence of criminal activity. Any doubt is resolved in favor of the warrant's validity. *State v. Freeman,* 47 Wn. App. 870, 873, 737, P.2d 704, *review denied,* 108 Wn.2d 1032 (1987).[2]

---

[2]On remand, certain other issues must be addressed. We note these issues, but because the record is incomplete, we are unable to provide any guidance. The record before us does not contain a copy of the information, nor reveal the charge brought against Mr. Morse as a result of the Franklin County search. Nor does the record contain a copy of any second information against Mr. Morse in the present case. The Benton County search warrant does not indicate the anticipated offense. We do not know whether the original complaint in Franklin County is to be amended to encompass a more serious charge there or whether the additional

The judgment of the Superior Court is reversed and remanded for further proceedings consistent with the opinion.

MUNSON, A.C.J., and GREEN, J., concur.

Review denied at 113 Wn.2d 1025 (1989).

evidence found in Benton County is going to be used to charge Mr. Morse with a second offense. The record indicates that after the search warrant was executed and Mr. Morse was released on bail on the Franklin County charge, he visited the Benton County building and took interior pictures to demonstrate his contention the marijuana grow operation in the photographs was not taken inside the metal building. Mr. Morse also described the layout of the building at the hearing, after having been advised of his Fifth Amendment rights. However, we do not know Mr. Morse's connection with the building, although the trial court apparently implied one.