IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | |
| | ) | No. 32550-4-III |
| Respondent, | ) | |
| | ) | |
| v. | ) | |
| | ) | UNPUBLISHED OPINION |
| J.D.C.[1], (D.O.B. 03/01/2000) | ) | |
| | ) | |
| Appellant. | ) | |
| | ) | |

Brown, A.C.J. — J.D.C. appeals from a Walla Walla County Juvenile Court adjudication of guilt and disposition order for first degree child rape. He contends the evidence does not support the adjudication. We disagree and affirm.

## FACTS

The facts leading to the charge against J.D.C. and finding of guilt for first degree child rape are taken from the court's unchallenged findings after an adjudicatory hearing.[2] On July 16, 2013, John Doe (age eight) was staying at the Walla Walla home

---

[1] Under RAP 3.4, we change the title of the case to the juvenile's initials to protect the juvenile's interest in privacy.

[2] On appeal, J.D.C. concedes—and we agree based upon our review of the record—that all of the court's findings are supported by substantial evidence and are therefore verities on appeal. *State v. Hill*, 123 Wn.2d 641, 647, 870 P.2d 313 (1994).

of family friend Diana Ilaoa while his parents were on a trip out of the country. J.D.C. (age 13) was also staying at the house. John Doe testified that he went to sleep on a couch and awoke to find his pajama pants down and J.D.C. sucking on his penis.[3] He told J.D.C. to stop and then found another location to sleep. John Doe tried to text his parents but was unable to contact them. When they returned to pick him up, he was all packed up and immediately went to the car to leave. John Doe's father found his eagerness to leave uncharacteristic of him.

John Doe disclosed the incident to his mother. Ms. Ilaoa reported the incident to the Washington Child Protective Services (CPS). CPS investigator Dr. Brooke Martin conducted a video-recorded forensic interview of John Doe on August 7, 2013. The court admitted the interview video into evidence under child hearsay rules. Portions of the video played during Dr. Martin's testimony showed that John Doe disclosed three separate times in the interview that J.D.C. had sucked on his penis.

J.D.C.'s mother testified in his defense, saying she was present at Diana Ilaoa's house at the time of the alleged rape and was on the couch the entire night, precluding the possibility J.D.C. and John Doe were both on the couch. She said she was only at Diana Ilaoa's house that one night. But she inconsistently related she had "usual" sleeping

---

[3] Prior to the adjudicatory hearing the court held a child competency hearing under RCW 9A.44.120 and ruled John Doe competent to testify.

2

arrangements and was over numerous times during the spring and summer. Finding of Fact 14; Clerk's Papers (CP) at 65. The court found her testimony not inconsistent with the possibility that something happened but that she did not observe it, as she admitted to being asleep part of the night.

J.D.C. testified, saying he could not remember much about John Doe's stay at Diana Ilaoa's house. J.D.C. denied committing the offense.

The court believed John Doe's testimony, partly finding:

> In considering [John Doe's] opportunity to observe the incident accurately, the quality of his memory, his personal interest, his lack of bias, and the reasonableness of his statements in the context of the evidence, he is found to be highly credible.

Finding of Fact 10; CP at 64.

Regarding J.D.C.'s mother's testimony, the court found:

> [I]t was apparent to the Court that she could confabulate memories by recalling events and circumstances in a way that best served her son's interest but did not necessarily describe the night in question in an accurate manner. Thus, in considering her bias for her son, her statements were insufficient to create a reasonable doubt that the events occurred.

Finding of Fact 15; CP at 65. The court found J.D.C.'s denial of the allegations "not convincing" and that his statements on the stand "did not create a reasonable doubt." Finding of Fact 16; CP at 65.

The court found J.D.C. had sexual intercourse with John Doe and adjudicated J.D.C. guilty of first degree child rape. J.D.C. appealed.

3

ANALYSIS

J.D.C. Contends the evidence is insufficient to support his adjudication of guilt for first degree child rape. He accepts the court's unchallenged findings of fact are supported as verities on appeal. But he argues the State's evidence fell short of proving beyond a reasonable doubt that J.D.C. was guilty of first degree child rape. We disagree.

Evidence is sufficient to support a conviction if "'after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.' " *State v. Green*, 94 Wn.2d 216, 221, 616 P.2d 628 (1980) (emphasis omitted) (quoting *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L. Ed. 2d 560 (1979)). A sufficiency challenge "admits the truth of the State's evidence and all inferences that reasonably can be drawn therefrom." *State v. Salinas*, 119 Wn.2d 192, 201, 829 P.2d 1068 (1992).

Under RCW 9A.44.073(1), first degree child rape occurs "when the person has sexual intercourse with another who is less than twelve years old and not married to the perpetrator and the perpetrator is at least twenty-four months older than the victim." The definition of "sexual intercourse" includes "any act of sexual contact between persons involving the sex organs of one person and the mouth . . . of another whether such persons are of the same or opposite sex." RCW 9A.44.010(1)(c).

4

Here, the unchallenged findings of fact, establish John Doe was eight years old and unmarried at the time that J.D.C., then age 13, placed John Doe's penis in his mouth. J.D.C.'s conduct meets each element of first degree child rape. Even so, J.D.C. suggests the inferences from the defense evidence and inconsistencies in John Doe's testimony favor a defense outcome because those inferences undercut the State's case. J.D.C. argues to find him guilty, the court stacked unreasonable inference upon unreasonable inference and guessed or speculated about the critical events. *State v. Hutton*, 7 Wn. App. 726, 728, 502 P.2d 1037 (1972) (State failed to prove substance delivered to informant was amphetamine). J.D.C. likens his case to *State v. Jones*, 140 Wn. App. 431, 437, 166 P.3d 782 (2007) (uncertainties in officer's testimony foreclosed a rational conclusion beyond a reasonable doubt that the offenses took place within 1,000 feet of a school bus stop), and *State v. Hundley*, 126 Wn.2d 418, 421-22, 894 P.2d 403 (1995) (facts necessary to constitute crime of possession of controlled substance not proved beyond reasonable doubt when lab tests did not allow reasonable trier of fact to reach subjective state of certitude on presence of drugs).

But J.D.C.'s arguments merely challenge John Doe's credibility and suggest J.D.C. and his mother were more believable. Thus, he improperly attempts to reweigh the evidence. Credibility determinations are for the trier of fact and are not subject to review. *State v. Camarillo*, 115 Wn.2d 60, 71, 794 P.2d 850 (1990). We must defer to

the trier of fact on issues of conflicting testimony, credibility of witness, and the persuasiveness of the evidence. *State v. Cord*, 103 Wn.2d 361, 367, 693 P.2d 81 (1985).

The court expressly found it believed John Doe's testimony detailing the sexual act perpetrated by J.D.C., and did not find the testimony of J.D.C. and his mother credible or persuasive. We do not disturb that determination. Unlike in J.D.C.'s cited cases, a rational trier of fact could find beyond a reasonable doubt from the evidence—without guess, speculation, or conjecture—that J.D.C. committed first degree child rape. RCW 9A.44.073(1); *State v. Green*, 94 Wn.2d at 221.

Affirmed.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

WE CONCUR:

Brown, A.C.J.

Korsmo, J.

Lawrence-Berrey, J.