[No. S173309. Feb. 3, 2011.]

THE PEOPLE, Plaintiff and Respondent, v.
JAMES ARY, JR., Defendant and Appellant.

## Counsel

James Kyle Gee, under appointment by the Supreme Court, for Defendant and Appellant.

Ann C. Moorman; and John T. Philipsborn for California Attorneys for Criminal Justice as Amicus Curiae on behalf of Defendant and Appellant.

Edmund G. Brown, Jr., Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Gerald A. Engler, Assistant Attorney General, Laurence K. Sullivan, Rene A. Chacon and Joan Killeen, Deputy Attorneys General, for Plaintiff and Respondent.

## Opinion

**KENNARD, Acting C. J.**—A state that puts a mentally incompetent criminal defendant on trial violates the due process clause of the federal Constitution's Fourteenth Amendment. This constitutional provision also requires that, whenever the evidence raises a reasonable doubt about a defendant's mental competence, a hearing be held in the trial court to assess the defendant's mental state. Here, on defendant's appeal from a murder conviction, the Court of Appeal held in its first opinion in these proceedings that the trial court had erred in failing to evaluate evidence of defendant's mental competence before proceeding with the trial. (See *People v. Ary* (2004) 118 Cal.App.4th 1016, 1018 [13 Cal.Rptr.3d 482] (*Ary I*).) The Court of Appeal then remanded the case to the trial court to decide whether the error could be "cured" by a "retrospective" competency hearing. (*Ibid.*)

Thereafter, the trial court determined that evidence was still available regarding defendant's mental condition when he was tried and it was therefore feasible to evaluate retrospectively defendant's mental competence at that time. At the retrospective hearing, the trial court placed on defendant the burden of proving, by a preponderance of the evidence, that he was mentally incompetent when tried. This is the same showing that our Penal Code requires of a defendant at a competency hearing held at the time of trial. (Pen. Code, § 1369, subd. (f).) After the trial court's consideration of conflicting testimony by defense and prosecution witnesses, the court ruled that defendant had failed to carry his evidentiary burden. On defendant's appeal, the Court of Appeal held, in a two-to-one decision, that the trial court at the retrospective competency hearing had violated defendant's federal due process rights by assigning to him the burden of proving that when he was tried, he lacked mental competence. We agree with the dissenting Court of Appeal justice that no such due process violation occurred.

### I

Defendant was charged with capital murder for the 1997 killing of Ronnie Ortega in Contra Costa County. Ortega was shot while seated in his car, which was stopped at a traffic light. When arrested, defendant was advised of, and waived, his constitutional rights under *Miranda v. Arizona* (1966) 384 U.S. 436 [16 L.Ed.2d 694, 86 S.Ct. 1602], and he confessed to shooting Ortega.

Defendant moved pretrial to suppress his confession, arguing that his *Miranda* waiver had been neither knowing nor voluntary, and that his statements to the police had been coerced. In support, defendant presented psychiatric testimony that he suffered from mild mental retardation. The trial

court ruled that defendant's *Miranda* waivers had been knowing and voluntary. But the court agreed with defendant that his confession was the product of police coercion and therefore suppressed it.

In September 2000, the case went to trial before a jury, which convicted defendant of first degree murder and three other felonies. (Pen. Code, §§ 187, 215 [carjacking], 211 [robbery], 12021, subd. (a)(1) [felon in possession of firearm]; further undesignated statutory references are to the Penal Code.) The jury also found true special circumstance allegations that made defendant eligible for the death penalty: Defendant committed the murder "by means of lying in wait" for the victim (§ 190.2, subd. (a)(15)) and also during his commission of a robbery and a carjacking (*id.*, subd. (a)(17)(A) & (L)). After the jury was unable to decide on the appropriate penalty for the murder, the trial court declared a mistrial and sentenced defendant to life imprisonment without parole for the murder, with a consecutive prison term of 16 years four months for the other felonies.

Defendant appealed (Court of Appeal case No. A095433), challenging the trial court's judgment on various grounds. In May 2004, a unanimous Court of Appeal panel held that the trial court's failure to conduct a pretrial inquiry into defendant's competence to stand trial violated defendant's right to due process under the federal Constitution. (*Ary I, supra*, 118 Cal.App.4th at pp. 1021–1025.) The Court of Appeal described the error as "per se prejudicial" (*id.* at p. 1025), yet it did not reverse defendant's convictions. Rather, after considering supplemental briefing on whether the error could be "cured" (*ibid.*), the Court of Appeal followed the procedure set forth by the United States Court of Appeals for the Ninth Circuit in *Odle v. Woodford* (9th Cir. 2001) 238 F.3d 1084, by remanding the matter to the trial court for a retrospective competency hearing. (*Ary I, supra*, at pp. 1025–1028.) On remand, the trial court was to decide whether such a hearing would be feasible. (*Id.* at p. 1029.) Feasibility, the Court of Appeal explained, would depend on whether sufficient evidence remained to render a " 'reasonable psychiatric judgment' " of defendant's mental condition when he was tried. (*Ibid.*) Only after that determination, the court stated, could the retrospective competency hearing be held. (*Id.* at p. 1030.)

The Court of Appeal rejected defendant's request to impose "a 'beyond a reasonable doubt' standard of evidentiary proof on the People" to show the feasibility of holding a retrospective competency hearing. (*Ary I, supra*, 118 Cal.App.4th at p. 1029.) To require such a standard for "this threshold matter," the Court of Appeal concluded, would not be "particularly relevant or helpful" in determining whether sufficient evidence remained on which to base a reasoned assessment of defendant's mental competence when he was

tried earlier. (*Ibid.*) The *Ary I* court further stated: "In the event [a retrospective competency] hearing is held and defendant is found to have been competent to stand trial, we will consider the remaining issues raised in this appeal. In the event defendant is found to have been incompetent to stand trial, the judgment shall be reversed." (*Id.* at p. 1030.)[1]

Defendant then petitioned this court for review of a single issue: Whether the prosecution should have to prove beyond a reasonable doubt the feasibility of a retrospective hearing. Defendant did not challenge the Court of Appeal's conclusion in *Ary I* that, if a retrospective hearing was feasible, the trial court at that hearing might be able to "cure" its error in having proceeded to trial without first evaluating evidence of defendant's mental competency to stand trial. In August 2004, we denied defendant's petition for review.

Thereafter, on the remand that the Court of Appeal had ordered in *Ary I*, the trial court found that sufficient evidence was still available on defendant's mental condition when he was tried, so that at a retrospective hearing it would be feasible to determine defendant's mental competence when tried in 2000.

The retrospective competency hearing occurred in October and November 2005. Over defense objection, the trial court placed on defendant the burden of proving his lack of mental competence when he was tried. After considering the testimony of defense and prosecution witnesses, the trial court ruled that defendant "failed to prove, by a preponderance of the evidence, that he was incompetent to stand trial." In February 2006, defendant filed a notice of appeal challenging that ruling. (§ 1237, subd. (b) [a defendant may appeal from an order made after judgment affecting the defendant's substantial rights].) To that appeal, the Court of Appeal assigned case No. A113020, which is the matter now before us.

While defendant's appeal in case No. A113020 was pending, the same division of the Court of Appeal in May 2008 issued an unpublished, unanimous decision in case No. A095433 (defendant's original appeal from

---

[1] After holding in its 2004 decision in *Ary I, supra*, 118 Cal.App.4th 1016, that the trial court had violated defendant's federal constitutional right to due process by not assessing evidence of his mental competence to stand trial, the Court of Appeal remanded the case to the trial court for a retrospective competency hearing, without, however, reversing the judgment of conviction. (*Id.* at p. 1030.) The correct procedure, as we held two years later, would have been to reverse the judgment of conviction. (*People v. Young* (2005) 34 Cal.4th 1149, 1217 [24 Cal.Rptr.3d 112, 105 P.3d 487] [when " 'a full competence hearing is required but the trial court fails to hold one, the judgment must be reversed' "]; see also *People v. Robinson* (2007) 151 Cal.App.4th 606, 619 [60 Cal.Rptr.3d 102]; *People v. Kaplan* (2007) 149 Cal.App.4th 372, 390 [57 Cal.Rptr.3d 143].)

his conviction) addressing and rejecting the remaining issues raised in that appeal (none related to the competency issue), and affirming the judgment of conviction. That decision includes this description of the proceedings that had occurred: "In an earlier opinion (*People v. Ary*[, *supra*,] 118 Cal.App.4th 1016) we held that Ary was deprived of his constitutional right to a fair trial because the trial court did not order a competency hearing pursuant to section 1368. We remanded the matter for a retrospective competency hearing. That hearing has been held. At its conclusion, the trial court found that Ary was competent to stand trial. *This finding has not been challenged.*" (Italics added.)[2] Defendant petitioned our court for review of the May 2008 decision. We denied review in August 2008.

In April 2009, a divided Court of Appeal panel filed its published decision in the matter now before us.

The Court of Appeal majority concluded that, in contrast to the burden-of-proof allocation at a competency hearing held before or during a trial, at a retrospective competency hearing federal due process principles require that the *prosecution* bear the burden of proving, by a preponderance of the evidence, that the defendant was competent when he was tried. The majority therefore "vacated" the trial court's competency finding made at the retrospective competency hearing. It again remanded the matter to the trial court, this time to have that court decide, based on the evidence already presented at the retrospective competency hearing, whether the *prosecution* had actually established, by a preponderance of the evidence, that defendant was mentally competent when he was tried in 2000. Its dispositional order further stated: "If, after imposing that burden, the [trial] court determines defendant was competent to stand trial at the time he was tried and convicted, it shall reinstate the judgment. If it concludes defendant was not then competent, it shall entertain such appropriate motions as may be made by the parties." (Italics added.) We granted the Attorney General's petition for review on the burden-of-proof issue.

Not before us are the legal issues that the Court of Appeal resolved in its two earlier opinions on defendant's single appeal from the judgment of conviction in case No. A095433. Those issues include the Court of Appeal's determinations in *Ary I, supra,* 118 Cal.App.4th at pages 1025–1026, that (1) the federal constitutional error in failing to evaluate defendant's mental competence at the time of trial might be "cured" by means of a retrospective

---

[2] The italicized statement was wrong: As we have pointed out, defendant's challenge to the trial court's competency ruling was then pending (No. A113020) before the same division of the Court of Appeal.

competency hearing (see *Odle v. Woodford, supra*, 238 F.3d at p. 1089); and (2) the prosecution at that hearing must establish the availability of evidence concerning defendant's mental condition when he was tried earlier, in order to show the feasibility of a retrospective hearing, but the prosecution need not prove feasibility beyond a reasonable doubt. Under the law-of-the-case doctrine, the Court of Appeal's resolutions of those issues are now conclusive. (See *People v. Curl* (2009) 46 Cal.4th 339, 352 [93 Cal.Rptr.3d 537, 207 P.3d 2]; *Kowis v. Howard* (1992) 3 Cal.4th 888, 892–893 [12 Cal.Rptr.2d 728, 838 P.2d 250].)

Before discussing the issue on which we granted review—allocation of the burden of proof at a retrospective or postjudgment competency hearing—we summarize the constitutional principles that prohibit trying a mentally incompetent criminal defendant.

## II

■ The due process clause of the federal Constitution's Fourteenth Amendment prohibits trying a criminal defendant who is mentally incompetent. (*Medina v. California* (1992) 505 U.S. 437, 439 [120 L.Ed.2d 353, 112 S.Ct. 2572]; *Pate v. Robinson* (1966) 383 U.S. 375, 378 [15 L.Ed.2d 815, 86 S.Ct. 836] (*Pate*).) A defendant is deemed competent to stand trial only if he " 'has sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding' " and " 'has a rational as well as factual understanding of the proceedings against him.' " (*Dusky v. United States* (1960) 362 U.S. 402, 402 [4 L.Ed.2d 824, 80 S.Ct. 788].)

When a trial court is presented with evidence that raises a reasonable doubt about a defendant's mental competence to stand trial, federal due process principles require that trial proceedings be suspended and a hearing be held to determine the defendant's competence. (*Pate, supra*, 383 U.S. at p. 385; *People v. Taylor* (2009) 47 Cal.4th 850, 861 [102 Cal.Rptr.3d 852, 220 P.3d 872]; *People v. Halvorsen* (2007) 42 Cal.4th 379, 401 [64 Cal.Rptr.3d 721, 165 P.3d 512].) Only upon a determination that the defendant is mentally competent may the matter proceed to trial. (*Pate, supra*, at p. 385.)

■ California law reflects those constitutional requirements. Section 1368, in subdivision (a), requires a trial court to suspend criminal proceedings at any time "prior to judgment" if the court reasonably doubts "the mental competence of the defendant." A defendant can create reasonable doubt through substantial evidence of mental incompetence, or the trial court can raise the issue on its own. (*People v. Lewis* (2008) 43 Cal.4th 415, 524 [75 Cal.Rptr.3d 588, 181 P.3d 947]; *People v. Blair* (2005) 36 Cal.4th 686, 711 [31 Cal.Rptr.3d 485, 115 P.3d 1145]; see § 1368, subds. (a) & (b).) Section 1369

provides for the appointment of psychiatrists as well as licensed psychologists to assess the defendant's mental competence (*id.*, subd. (a)); and it allows both the defense and the prosecution to present evidence to either support or counter a claim of the defendant's mental incompetence to stand trial (*id.*, subds. (b)–(d)).

■ As to who has the burden of proof on the question of the defendant's mental competence, section 1369, subdivision (f), states in part: "It shall be presumed that the defendant is mentally competent unless it is proved by a preponderance of the evidence that the defendant is mentally incompetent." Thus, under California law, when a trial court "prior to judgment" (§ 1368, subd. (a)) suspends criminal proceedings and holds a mental competency hearing, it is the *defendant* who bears the burden of establishing lack of competence (§ 1369, subd. (f); see *People v. Medina* (1990) 51 Cal.3d 870, 881 [274 Cal.Rptr. 849, 799 P.2d 1282]). In *Medina*, we rejected the defendant's contention that the "presumption of competence and burden of proof allocation" (*id.* at p. 882) set out in section 1369, subdivision (f), violated the federal Constitution's due process clause. Our decision was thereafter, in 1992, upheld by the United States Supreme Court. (*Medina v. California, supra*, 505 U.S. 437, 446, 453.)

■ The high court in *Medina* pointed out that a state rule of criminal procedure " 'is not subject to proscription under the Due Process Clause unless "it offends some principle of justice so rooted in the traditions and conscience of our people as to be ranked as fundamental." ' " (*Medina v. California, supra*, 505 U.S. at p. 445, quoting *Patterson v. New York* (1977) 432 U.S. 197, 201–202 [53 L.Ed.2d 281, 97 S.Ct. 2319].) ■ After surveying the allocation of the burden of proof in mental competence proceedings throughout the United States, the high court could discern "no settled tradition on the proper allocation of the burden of proof in a proceeding to determine competence"; it therefore concluded that, in placing that burden on the defendant, California did not violate the federal Constitution's due process principles. (*Medina v. California, supra*, at p. 446.) In the words of the high court: "Based on our review of the historical treatment of the burden of proof in competency proceedings, the operation of the challenged rule, and our precedents, we cannot say that the allocation of the burden of proof to a criminal defendant to prove incompetence 'offends some principle of justice so rooted in the traditions and conscience of our people as to be ranked as fundamental.' " (*Ibid.*)

Thus, with respect to mental competency determinations made "during the pendency of an action and prior to judgment" (§ 1368, subd. (a)), the law is settled that placing on a criminal defendant the burden of proving incompetence to stand trial does not offend the federal Constitution's due process clause. (*Medina v. California, supra*, 505 U.S. at p. 446.)

Does that rule also apply to a *postjudgment* proceeding to determine whether the defendant was mentally competent when he was tried? We now turn to that issue.

## III

According to the Court of Appeal majority here, "placement of the burden of proof will be the determinative factor in most cases in which competency is determined ex post facto," and given that burden, a criminal defendant "will rarely, if ever, be able to sustain it." In the majority's view, assigning to a defendant at a postjudgment mental competency hearing the burden of proving he was mentally incompetent when tried is "inconsistent with the fundamental fairness implicit in the constitutional concept of due process." The Court of Appeal majority therefore concluded that at a retrospective hearing held after a reviewing court determines that the trial court erred in not assessing evidence of the defendant's mental competence at the time of trial, it is the *prosecution* that bears the burden of proving "by a preponderance of the evidence that the defendant was competent to stand trial at the time he was tried."

The dissent, by contrast, reasoned that the high court's decision in *Medina v. California, supra,* 505 U.S. 437, leaves a state free to allocate to the defendant the burden of proving mental incompetence to stand trial at any stage in the proceedings, including a retrospective mental competency hearing. This view finds support in case law.

For example, the United States Court of Appeals for the Ninth Circuit held in *Moran v. Godinez* (9th Cir. 1994) 57 F.3d 690 (*Moran*), overruled on other grounds in *Lockyer v. Andrade* (2003) 538 U.S. 63, 75–76 [155 L.Ed.2d 144, 123 S.Ct. 1166], that to allocate to the defendant at a retrospective or postjudgment hearing the burden of proving mental incompetence when tried comports with federal due process requirements "so long as the state provides adequate procedures to assess competence." (57 F.3d at p. 697.) *Moran* reasoned that even though the high court in *Medina v. California, supra,* 505 U.S. 437, had directly addressed only the assignment of the burden of proof at a competency hearing held *contemporaneously* with the defendant's criminal trial, the high court's rationale was "equally applicable to retrospective competency hearings." (*Moran, supra,* at p. 697.) *Moran* then concluded that "[w]hen it is established that a [defendant's] competence can be accurately evaluated retrospectively, there is no compelling reason to require states to divert from their normal procedures for assessing competence." (*Ibid.*) Thereafter, in a 2001 decision, the Ninth Circuit pointed out that a court can "cure its failure to hold a competency hearing at the time of trial by conducting one retroactively." (*Odle v. Woodford, supra,* 238 F.3d at p. 1089.)

A majority of courts that have considered this issue agree. (See *Rhode v. Olk-Long* (8th Cir. 1996) 84 F.3d 284, 288 [holding that high court's decision in *Medina v. California, supra,* 505 U.S. 437, applies "with equal force to post-conviction competency hearings"]; *Montana v. Bostwick* (1999) 296 Mont. 149 [988 P.2d 765, 773] [citing *Moran, supra,* 57 F.3d 696, for the rule that the erroneous failure to hold a pretrial competency hearing can be "cured" by a meaningful retrospective hearing]; *Traylor v. State* (2006) 280 Ga. 400 [627 S.E.2d 594, 601] [remanding for retrospective competency hearing at which the defendant was to " 'have the burden to show incompetency by a preponderance of the evidence' "]; *Tate v. State* (1995) 1995 OK CR 24 [896 P.2d 1182, 1187–1188] [concluding that no due process violation resulted from placing burden of establishing incompetency on defendant at retrospective hearing]; but see *James v. Singletary* (11th Cir. 1992) 957 F.2d 1562, 1571, fn. 14 [holding, three months *before* the high court's decision in *Medina v. California, supra,* 505 U.S. 437, that a retrospective competency proceeding was "a harmless error determination in disguise," at which the prosecution must bear the burden of proof].)

■ We agree with the prevailing view. When, as occurred here, a reviewing court concludes that a trial court has violated a defendant's federal constitutional right to due process by failing to hold a hearing to assess evidence of a defendant's mental competence at the time of trial, and the case is then remanded to the trial court for a retrospective competency hearing to determine whether the procedural error can be cured, the trial court must first decide whether a retrospective determination is indeed feasible. Feasibility in this context means the availability of sufficient evidence to reliably determine the defendant's mental competence when tried earlier.[3] In the words of the Oklahoma Court of Criminal Appeals: "[T]he defendant will be placed in a position comparable to the one he would have been placed in prior to the original trial. Under these circumstances, no due process violation occurs by ultimately placing the burden of proving incompetency on the defendant in a retrospective hearing." (*Tate v. State, supra,* 896 P.2d at p. 1188.)

■ To summarize, once the feasibility of a retrospective hearing is determined, requiring a criminal defendant to prove at a retrospective mental competency hearing that he was incompetent when tried earlier does not " 'offend[] some principle of justice so rooted in the traditions and conscience

---

[3] Relevant to determining feasibility of a postjudgment hearing on a defendant's mental competence when tried are the factors set out by the Court of Appeal in *People v. Robinson* (2007) 151 Cal.App.4th 606, 617 [60 Cal.Rptr.3d 102]: " ' "(1) The passage of time, (2) the availability of contemporaneous medical evidence, including medical records and prior competency determinations, (3) any statements by the defendant in the trial record, and (4) the availability of individuals and trial witnesses, both experts and non-experts, who were in a position to interact with [the] defendant before and during trial." ' "

of our people as to be ranked as fundamental.' " (*Medina v. California, supra,* 505 U.S. at p. 446.) In concluding otherwise, the Court of Appeal majority here erred.

## DISPOSITION

We reverse the Court of Appeal's judgment, which remanded the case to the trial court to determine whether, based on evidence already presented at the postjudgment competency hearing, the prosecution had actually established, by a preponderance of the evidence that defendant was mentally competent when tried.

Baxter, J., Werdegar, J., Chin, J., Moreno, J., Corrigan, J., and George, J.,[*] concurred.

**WERDEGAR, J.,** Concurring.—I concur in the majority opinion. Specifically, I agree that to place the burden in a retrospective competency hearing on defendant to prove his incompetency by a preponderance of the evidence is constitutional. I also agree that not before us are the legal issues whether "(1) [whether] the federal constitutional error in failing to evaluate defendant's mental competence at the time of trial might be 'cured' by means of a retrospective competency hearing" (maj. opn., *ante,* at pp. 516–517), and (2) whether the prosecution need prove the feasibility of a retrospective hearing beyond a reasonable doubt, these questions having been conclusively settled for purposes of this case in the lower court.

Although I agree the law-of-the-case doctrine precludes our addressing the above issues, our decision should not obscure the fact the issues we avoid are significant and unresolved. When the United States Supreme Court first established an accused's due process right to a hearing upon presentation of a reasonable doubt as to his or her competency to stand trial, that court simply reversed the judgment against the accused, specifically rejecting the claim "that it would be sufficient for the state court to hold a limited hearing as to [the defendant's] mental competence at the time he was tried . . . ." (*Pate v. Robinson* (1966) 383 U.S. 375, 387 [15 L.Ed.2d 815, 86 S.Ct. 836]; see also *Drope v. Missouri* (1975) 420 U.S. 162, 183 [43 L.Ed.2d 103, 95 S.Ct. 896].) This court has done the same. (*People v. Marks* (1988) 45 Cal.3d 1335, 1340 [248 Cal.Rptr. 874, 756 P.2d 260] [reversing the judgment, noting, "[t]hat the hearing was not held is dispositive"]; *People v. Hale* (1988) 44 Cal.3d 531, 541 [244 Cal.Rptr. 114, 749 P.2d 769] [failure to hold hearing "rendered the subsequent trial proceedings void because the court had been divested of

---

[*]Retired Chief Justice of California, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

jurisdiction to proceed"]; *People v. Pennington* (1967) 66 Cal.2d 508, 521 [58 Cal.Rptr. 374, 426 P.2d 942] [specifically rejecting the suggestion that "the error be cured by a retrospective determination of defendant's mental competence during his trial"]; see also *People v. Welch* (1999) 20 Cal.4th 701, 738 [85 Cal.Rptr.2d 203, 976 P.2d 754] [where substantial evidence of the defendant's incompetency is presented but a hearing is not held, "the judgment must be reversed"].) In recent years, however, some lower federal and state courts have taken the position that such error can be cured by a remand to hold a retrospective, or nunc pro tunc, competency hearing.[1]

Reason exists to believe the United States Supreme Court would not approve the procedure. For example, when, in *Drope v. Missouri, supra,* 420 U.S. 162, the high court faced the prospect of remanding for a hearing to determine the state of the defendant's competency six years earlier, it opined: "Given the inherent difficulties of such a *nunc pro tunc* determination under the most favorable circumstances, [citations], we cannot conclude that such a procedure would be adequate here." (*Id.* at p. 183.) Similarly, in *Dusky v. United States* (1960) 362 U.S. 402, 403 [4 L.Ed.2d 824, 80 S.Ct. 788] (per curiam), the court noted: "In view of the doubts and ambiguities regarding the legal significance of the psychiatric testimony in this case and the resulting difficulties of retrospectively determining the petitioner's competency as of *more than a year ago*, we reverse the judgment . . . ." (Italics added.)

The Court of Appeal's decision below in *People v. Ary, supra,* 118 Cal.App.4th 1016—the decision we find controlling here—was the first California case to approve the remand procedure. We recognized that holding (but did not necessarily endorse it) in *People v. Young* (2005) 34 Cal.4th 1149, 1216–1217 and footnote 16 [24 Cal.Rptr.3d 112, 105 P.3d 487]. The issue therefore remains an open one in this court.

Whether the People bear the burden to prove on remand that a retrospective hearing is still feasible and, if so, whether their burden of proof is by a preponderance or beyond a reasonable doubt, are similarly unsettled. As the

---

[1] See, e.g., *Odle v. Woodford* (9th Cir. 2001) 238 F.3d 1084, 1089 ("The state court can nonetheless cure its failure to hold a competency hearing at the time of trial by conducting one retroactively"); *Moran v. Godinez* (9th Cir. 1994) 57 F.3d 690, 696 ("retrospective competency hearings are disfavored" but "permissible whenever a court can conduct a meaningful hearing to evaluate retrospectively the competency of the defendant"); *People v. Robinson* (2007) 151 Cal.App.4th 606, 617–618 [60 Cal.Rptr.3d 102] (retrospective competency hearings are possible depending on the circumstances); *People v. Kaplan* (2007) 149 Cal.App.4th 372, 388–389 [57 Cal.Rptr.3d 143] (same); see also *People v. Ary* (2004) 118 Cal.App.4th 1016, 1029 [13 Cal.Rptr.3d 482] (retrospective competency hearings for *Pate* error should be done in "rare circumstances").

majority explains, these issues also are not before us in this case and we thus express no opinion on, for example, whether the Court of Appeal correctly decided to impose the lesser burden of proof on the People.

With those caveats, I concur.