Filed 3/18/14  P. v. Perkins CA2/2

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>WILLIE JEROME PERKINS,<br><br>    Defendant and Appellant. | B241589<br><br>(Los Angeles County<br>Super. Ct. No. BA393058) |

APPEAL from a judgment of the Superior Court of Los Angeles County. Kathleen Kennedy, Judge.  Affirmed in part; reversed in part, and remanded with directions.

Cindy Brines, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Lance E. Winters, Assistant Attorney General, Scott A. Taryle and Stacy S. Schwartz, Deputy Attorneys General, for Plaintiff and Respondent.

* * * * * *

Appellant Willie Jerome Perkins appeals from the judgment entered upon his conviction by jury of corporal injury to a cohabitant (Pen. Code, § 273.5, subd. (a) count 3),[1] and disobeying a domestic relations court order (§ 273.6, subd. (a), count 4). Appellant was found not guilty of three counts of receiving stolen property (§ 496, subd. (a), counts 1, 2, and 5). Following a bifurcated bench trial, the trial court found true the allegation that appellant had suffered a prior conviction qualifying as both a serious felony (§ 667, subd. (a)(1)) and as a strike (§§ 667, subds. (b)-(i), 1170.12, subds. (a)-(d), the "Three Strikes" law). Prior to sentencing, the court denied appellant's *Romero*[2] motion to strike his prior strike conviction. The court sentenced appellant to four years in state prison comprised of the low term of two years doubled pursuant to section 667, subdivisions (b) through (i) on count 3, and to a concurrent term of six months on count 4.

Appellant contends that (1) the trial court failed to make a proper competency determination, (2) the evidence was insufficient to support appellant's conviction for disobeying a domestic relations court order, and (3) the evidence was insufficient to sustain the trial court's finding that appellant's prior conviction for federal bank robbery was a serious felony within the meaning of California's Three Strikes Law.

We agree that appellant's conviction under section 273.6, subdivision (a) must be reversed. We also agree that the evidence was insufficient to establish that appellant's prior conviction qualified as a serious felony and we remand for retrial on that issue. We otherwise affirm the judgment.

## FACTS

Appellant and Linda Kalish began a romantic relationship in 2009 and began living together in May 2010. In August 2011, Kalish obtained a restraining order requiring appellant to stay at least 100 yards away from her.

---

[1]     All further statutory references are to the Penal Code unless otherwise stated.

[2]     *People v. Superior Court* (*Romero*) (1996) 13 Cal.4th 497 (*Romero*).

2

On September 15, 2011, Kalish met with Los Angeles Police Department (LAPD) Officer John Ashpaugh. Officer Ashpaugh noticed that Kalish had a scratch on the tip of her nose, a scratch and bruise on the back of her right calf, and a one-inch bruise on the top of her left hand. Kalish told Officer Ashpaugh that appellant had been arrested for stealing her car and had spent a few days in jail. When he was released from custody on September 12, he returned to her apartment and demanded the keys to the vehicle. Kalish struggled with appellant but he took the keys and "proceeded to punch her and strike her with the key." Kalish told Officer Ashpaugh that all of her injuries were sustained when appellant struck her.

On September 17, 2011, Kalish called 911 and told the operator that appellant was on her balcony and was trying to break into her apartment. Kalish had barricaded herself inside the apartment and was scared and crying. LAPD Officer Douglass Hall responded to Kalish's apartment to investigate the domestic violence incident. Kalish told Officer Hall that her relationship with appellant had become "emotionally and physically abusive." Kalish could not call for help because appellant slept with the cordless and cell phones and "maintained control of all the communication." Appellant did not allow Kalish to leave the apartment and physically restrained her from doing so.

On September 26, 2011, Kalish told LAPD Detective Chang Kim that she sustained her injuries when struggling with appellant at her apartment on September 12, 2011. At trial, Kalish testified that appellant did not hurt her. She testified that she made up the story to get revenge on appellant because he cheated on her with another woman, and because she thought he was doing drugs again.

## DISCUSSION

### I. Appellant's Competency Determination

Appellant contends "[t]he trial court erred by failing to make a proper competency determination on the record after it declared a doubt as to [his] competency."

During the morning session of trial on May 11, 2012, defense counsel notified the court that appellant was taking medication and that drowsiness was a side effect of the medication. When the afternoon session commenced, defense counsel raised an issue as

3

to appellant's competency.  Defense counsel stated that appellant's medications addressed "depression" and "mood disorders."  The trial court informed the jury that an issue arose which required the proceedings to be adjourned.  Following a conference with counsel, the trial court sent appellant to the Mental Health Department of the Los Angeles Superior Court (Department 95) to be evaluated.  Defense counsel advised the court that he intended to "personally be there for the purposes of the evaluation and whatever other procedures that need to be taken care of."  The trial court reminded counsel that she had not yet declared a doubt and needed to get more information from "a professional" regarding appellant's condition.  On May 15, 2012, the trial court advised the parties that she had spoken with another judge and a determination had been made that appellant was competent.  Defense counsel agreed that appellant was competent.

Due process prohibits trial of a criminal defendant who is mentally incompetent.  (*People v. Ary* (2011) 51 Cal.4th 510, 517.)  "A defendant is deemed competent to stand trial only if he '"has sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding"' and '"has a rational as well as factual understanding of the proceedings against him."'"  (*Ibid.,* quoting in part *Dusky v. United States* (1960) 362 U.S. 402.)  "When a trial court is presented with evidence that raises a reasonable doubt about a defendant's mental competence to stand trial, federal due process principles require that trial proceedings be suspended and a hearing be held to determine the defendant's competence.  [Citations.]  Only upon a determination that the defendant is mentally competent may the matter proceed to trial."  (*Ary, supra,* at p. 517.)

Sections 1367 through 1369 reflect these constitutional requirements.  Section 1368, subdivision (a), requires a trial court to suspend criminal proceedings at any time prior to judgment if the court reasonably doubts the mental competence of the defendant.  Section 1368, subdivision (b) advises how to proceed if defense counsel tells the court that the defendant may be mentally incompetent:  "If counsel informs the court that he or she believes the defendant is or may be mentally incompetent, the court shall order that the question of the defendant's mental competence is to be determined in a hearing which is held pursuant to Sections 1368.1 and 1369."  Section 1368 further states that the

4

hearing shall be held in the superior court. (§ 1368, subd. (b).) Section 1369 requires the appointment of mental health experts to assess the defendant's mental competence, and allows the defense and prosecution to present evidence to either support or counter a claim of the defendant's mental incompetence to stand trial.

In the matter before us, it is clear the court did not express a doubt, within the meaning of section 1368, subdivision (a), as to appellant's competence to stand trial. Judge Kennedy explicitly stated she had not declared a doubt and appellant's contention is factually inaccurate. The trial court had the authority to "recess the proceedings for as long as may be reasonably necessary . . . to form an opinion as to the mental competence of the defendant . . . " (§ 1368, subd. (a).) The court properly suspended proceedings and referred appellant to Department 95 for a psychiatric evaluation. (*People v. Westbrook* (1964) 62 Cal.2d 197, 204, *People v. Hill* (1967) 67 Cal.2d 105, 113.) Appellant's contention is not related to the procedure used to determine appellant's competency and he acknowledges that Department 95 determined he was competent. Nevertheless, he argues the trial court did not make an express determination of appellant's competency by stating among other things, that it was "familiar with the basis for Department 95's findings, had learned of those findings firsthand or adopted the findings as its own." Appellant does not cite any authority for the proposition that the trial judge must be familiar with Department 95's findings, and we cannot find any. In *People v. Marks* (1988) 45 Cal.3d 1335, the court required the trial court to "expressly and unmistakably state on the record . . . whether the defendant [was] mentally competent to stand trial." Here, the trial court specifically stated that she had spoken with another judge and appellant was declared competent.

## II. Insufficient Evidence Supports Appellant's Conviction on Count 4

Appellant asserts, and the People agree, that insufficient evidence supports his conviction for disobeying a domestic relations court order.

With respect to count 4, the jury was instructed that the People must prove that "number one, a court lawfully issued a written order that [appellant] have no contact with Linda Kalish nor come within 100 yards of Linda Kalish; . . . and number five, the

5

defendant intentionally violated the court order." [¶] [¶] [¶] [¶] [¶] "You must not find [appellant] guilty of disobeying [a] domestic relations order in . . . count 4–unless all of you agree that . . . the People have proved specifically that the [appellant] committed the offense on September 28, 2011. [¶] Evidence that the [appellant] may have committed the alleged offense on another day is not sufficient for you to find him guilty of the offense charged."

Evidence was presented that Kalish obtained a restraining order against appellant and that appellant was aware of the order. However, no evidence was presented to the jury that appellant was within 100 yards of Kalish on September 28, 2011, the date alleged in the information. The issue is not whether a particular trier of fact could have made the decision it did. The issue is whether the evidence was sufficient to allow any rational trier of fact to find the essential elements of the crime beyond a reasonable doubt. (*Jackson v. Virginia* (1979) 443 U.S. 307, 318-319; *People v. Ochoa (1993) 6 Cal.4th 1199, 1206*.)

We agree with the People that appellant's section 273.6, subdivision (a) conviction should be reversed.

### III.    Appellant's Prior Conviction for Federal Bank Robbery

Appellant contends that the evidence was insufficient to sustain the trial court's finding that his prior conviction for federal bank robbery satisfied the elements required under California law for the purposes of a strike.

Here, for the court trial on the prior conviction allegation, the prosecution placed into evidence certified records from the United States Department of Justice Federal Bureau of Prisons. The records indicated that appellant pled guilty to "bank robbery" pursuant to 18 U.S.C. § 2113, subdivision (a).

Paragraph (a) of the federal statute sets forth two disjunctive offenses: "(a) Whoever, by force and violence, or by intimidation, takes, or attempts to take, from the

6

person or presence of another, or obtains or attempts to obtain by extortion any property or money or any other thing of value belonging to, or in the care, custody, control, management, or possession of, any bank, credit union, or any savings and loan association; *or* [¶] Whoever enters or attempts to enter any bank, credit union, or any savings and loan association, or any building used in whole or in part as a bank, credit union, or as a savings and loan association, with intent to commit in such bank, credit union, or in such savings and loan association, or building, or part thereof, so used, any felony affecting such bank, credit union, or such savings and loan association and in violation of any statute of the United States, or any larceny — [¶] Shall be fined under this title or imprisoned not more than twenty years, or both." (18 U.S.C. § 2113(a).)

"On review, we examine the record in the light most favorable to the judgment to ascertain whether it is supported by substantial evidence. In other words, we determine whether a rational trier of fact could have found that the prosecution sustained its burden of proving the elements of the sentence enhancement beyond a reasonable doubt." (*People v. Miles* (2008) 43 Cal.4th 1074, 1083 (*Miles*).) A court may look to the entire record of conviction to determine the substance of the prior foreign conviction; but when the record does not disclose any of the facts of the offense actually committed, the court will presume that the prior conviction was for the least offense punishable under the foreign law. (*People v. Jones* (1999) 75 Cal.App.4th 616, 632.)

Under California law, section 1192.7, subdivision (c) enumerates the criminal offenses deemed to be qualifying "serious felon[ies]" for purposes of sentence enhancements. "[R]obbery or bank robbery" is expressly enumerated. (§ 1192.7, subd. (c)(19).) Subdivision (d) of the California statute defines "bank robbery" to mean the taking or attempted taking "*by force or violence, or by intimidation* from the person or presence of another any property or money or any other thing of value belonging to, or in the care, custody, control, management, or possession of, any bank, credit union, or any savings and loan association." (§ 1192.7, subd. (d), italics added.)

7

Therefore, to qualify as a strike under California law, a federal bank robbery must be an offense undertaken by force, violence or intimidation.  The entry into a bank with the intent to commit a felony or larceny, akin to the second prong of paragraph (a) of the federal statute, is insufficient.  "The California serious felony of bank robbery substantially coincides with the offense described in the *first* paragraph of section 2113(a) . . . . [fn. omitted.]  However, there is no California serious felony that corresponds to the crime described in the *second* paragraph of section 2113(a).  [fn. omitted.]  Thus, evidence that the defendant suffered a previous conviction under section 2113(a), standing alone, cannot establish that the conviction was for a serious felony under California law."  (*Miles, supra,* 43 Cal.4th at pp. 1081-1082.)

Respondent had the burden of proving the prior serious felony allegation beyond a reasonable doubt.  (*People v. Tenner* (1993) 6 Cal.4th 559, 566.)  Citing *Miles*, respondent suggests that appellant's guilty plea supports the inference that appellant pled guilty to the forcible taking form of the offense.

In *Miles*, the prosecution presented the federal district court judge's certified "Judgment and Probation/Commitment Order," which recited that defendant had entered a guilty plea to "Armed Bank Robbery" and "kidnapping" in violation of 18 United States Code Sections 2113(a), 2113(d), and 2113(e).  (*Miles, supra,* 43 Cal.4th at p. 1077.)  The *Miles* court found sufficient evidence that the prior federal conviction was for a California serious felony based on the federal judgment form's reference to "bank robbery" and its indication that the defendant had "further violated the 'armed' and 'kidnapping' provisions of the statute."  (*Miles, supra,* at p. 1089.)  In the absence of any notation to the contrary, "the most reasonable inference is that [the federal judge] intended to describe the 'force and violence, or . . . intimidation' form of offense set forth in [18 United States Code] section 2113(a)."  (*Miles, supra,* at pp. 1089-1090.)

As the Supreme Court explained: "It is highly unlikely that one charged and convicted under [18 United States Code] section 2113(a) only for entering a bank with felonious or larcenous intent, without an attempted or actual taking of property by force and violence or intimidation, would also be found, in the course of the offense, to have placed a victim's life in jeopardy by use of a dangerous weapon, and to have taken a hostage. In the absence of any rebuttal evidence as to the nature of the prior conviction, the trial court was entitled, prima facie, to draw the more reasonable inference that it was for committing the California serious felony of bank robbery." (*Id.* at p. 1088, fns. omitted.)

The certified records from the United States Department of Justice Federal Bureau of Prisons submitted here do not include additional facts concerning the nature of appellant's 2003 conviction beyond a bare reference to 18 US.C. § 2113(a). (See *People v. Johnson* (1991) 233 Cal.App.3d 1541, 1548 [the court may consider the accusatory pleading and the record of the plea to determine whether a particular element was adjudicated in a prior conviction]; *People v. Hayes* (1992) 6 Cal.App.4th 616, 623 [an element is considered to have been adjudicated if it was alleged in the accusatory pleading even if it is not included in the statutory definition of the crime to which the defendant pled guilty].)

Unlike *Miles*, it is unclear here whether appellant's 2003 conviction for "bank robbery" was based on the first paragraph of 18 U.S.C. § 2113(a) rather than the second. The evidence presented was insufficient to establish appellant's prior conviction for federal bank robbery qualified as a serious felony for purposes of California' Three Strikes law. (§§ 667, subd. (b) and 1170.12.) We remand the matter for a retrial as to the prior conviction allegation. (*People v. Monge* (1997) 16 Cal.4th 826, 843 ["federal double jeopardy clause does not apply to the trial of the prior conviction allegation"], affd. *sub nom. Monge v. California* (1998) 524 U.S. 721, 734.)

# DISPOSITION

Appellant's conviction under section 273.6, subdivision (a) on count 4 is reversed. We remand for retrial on the prior conviction allegation. In all other respects, the judgment is affirmed.

<u>NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS</u>.

_____, J. *

FERNS

We concur:


_____, Acting P. J.

ASHMANN-GERST


_____, J.

CHAVEZ

---

*    Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

10